UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA TAVRES, | Case No. 19-cv-07655-EMC |
| Plaintiff, | |
| v. | **ORDER RE COURT'S PROPOSED JURY INSTRUCTIONS** |
| BARNES & NOBLE, INC., | |
| Defendant. | |

Attached are the Court's proposed jury instructions.  The parties shall file any objections/comments no later than August 10, 2021.

**IT IS SO ORDERED**.

Dated: August 6, 2021

_____
EDWARD M. CHEN
United States District Judge

**PRELIMINARY JURY INSTRUCTIONS**

**(GIVEN AT THE BEGINNING OF TRIAL)**

**JURY INSTRUCTION NO. 1**

**DUTY OF JURY**

**(COURT READS INSTRUCTIONS AT THE BEGINNING OF TRIAL BUT DOES NOT PROVIDE WRITTEN COPIES)**

Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial, I will give you more detailed instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially.  You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

Do not be afraid to examine any assumptions you or other jurors have made which are not based on the evidence presented at trial.  Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be – that is entirely up to you.

Court Notes: 9th Cir. Model Instruction No. 1.3.  The Court has modified the instruction.

**JURY INSTRUCTION NO. 2**

**IMPLICIT/UNCONSCIOUS BIAS**

We all have feelings, assumptions, perceptions, fears, and stereotypes about others.  Some biases we are aware of, and others we might not be fully aware of, which is why they are called implicit or unconscious biases.  No matter how unbiased we think we are, our brains are hard-wired to make unconscious decisions. We look at others and filter what they say through our own personal experience and background.  Because we all do this, we often see life and evaluate evidence in a way that tends to favor people who are like ourselves, or who have had life experiences like our own.  We can also have biases about people like ourselves. One common example is the automatic association of male with career and female with family. Bias can affect our thoughts, how we remember what we see and hear, whom we believe or disbelieve, and how we make important decisions.

As jurors, you are being asked to make an important decision in the case.  You must one, take the time you need to reflect carefully and thoughtfully about the evidence.

Two, think about why you are making the decision you are making and examine it for bias. Reconsider your first impressions of the people and the evidence in this case.  If the people involved in this case were from different backgrounds, for example, richer or poorer, more or less educated, older or younger, or of a different gender, gender identity, race, religion or sexual orientation, would you still view them, and the evidence, the same way?

Three, listen to one another.  You must carefully evaluate the evidence and resist, and help each other resist, any urge to reach a verdict influenced by bias for or against any party or witness. Each of you have different backgrounds and will be viewing this case in light of your own insights, assumptions and biases.  Listening to different perspectives may help you to better identify the possible effects these hidden biases may have on decision making.

And four, resist jumping to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or unconscious biases.

The law demands that you make a fair decision based solely on the evidence, your individual evaluations of that evidence, your reason and common sense, and these instructions.

United States District Court
Northern District of California

1

2          Court Notes: The Court has independently proposed this instruction.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# JURY INSTRUCTION NO. 3

## CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff asserts the following claims:

(1) Disparate treatment based on age, in violation of the Fair Employment and Housing Act ("FEHA").  The plaintiff contends that the defendant (a) failed to promote her because of her age and (b) discharged, or constructively discharged, her because of her age.

(2) Failure to promote in violation of public policy.  The defendant allegedly violated public policy by engaging in age discrimination.

(3) Wrongful termination or constructive discharge in violation of public policy.  The defendant allegedly violated public policy by engaging in age discrimination.

The plaintiff has the burden of proving these claims.  The defendant denies the claims.

In addition, for certain claims, the defendant asserts what is known as an "affirmative defense."  For an affirmative defense, the defendant is not asserting that the plaintiff has failed to prove the essential elements of her claim.  Instead, the defendant is asserting defenses to plaintiff's claims.  The instructions will identify when the defendant has the burden of proof on its affirmative defenses.  The plaintiff denies the affirmative defenses.


Court Notes: 9th Cir. Model Instruction No. 1.5.  The parties do not agree on this instruction.  *See* Prop. Instructions at 3-4.  The Court has provided its own instruction.  To give clarity to the jury, Court identifies the specific causes of action asserted by Ms. Tavres instead of just referring to the adverse employment actions (as suggested by both parties).  The Court is not including any ADEA claim or disparate impact claim because Ms. Tavres has explicitly stated that she is no longer proceeding with these claims.  For the public policy claims, the Court does not include a retaliation theory as the Court is excluding all evidence related to Mr. Romero.

Also, the Court includes a brief discussion of affirmative defenses (as suggested by Ms.

Tavres) but not with the detail proposed by Ms. Tavres.  Getting into specific affirmative defenses makes things more confusing for the jury.

United States District Court
Northern District of California

1

## JURY INSTRUCTION NO. 4

## BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim or affirmative defense, it must do so by a preponderance of the evidence, which means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Court Notes: 9th Cir. Model Instruction No. 1.6.  The Court has modified the instruction.

## JURY INSTRUCTION NO. 5

### WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits that are admitted into evidence;

(3) any facts to which the lawyers have agreed; and

(4) any facts that I may instruct you to accept as proved.


Court Notes: 9th Cir. Model Instruction No. 1.9.

1
2

**JURY INSTRUCTION NO. 6**

**WHAT IS NOT EVIDENCE**

3   In reaching your verdict, you may consider only the testimony and exhibits received into
4   evidence.  Certain things are not evidence, and you may not consider them in deciding what the
5   facts are. I will list them for you:

6   (1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.
7       What they may say in their opening statements, closing arguments and at other times is
8       intended to help you interpret the evidence, but it is not evidence.  If the facts as you
9       remember them differ from the way the lawyers have stated them, your memory of
10      them controls.

11  (2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their
12      clients to object when they believe a question is improper under the rules of evidence.
13      You should not be influenced by the objection or by the court's ruling on it.

14  (3) Testimony that is excluded or stricken, or that you are instructed to disregard, is not
15      evidence and must not be considered.  In addition some evidence may be received only
16      for a limited purpose; when I instruct you to consider certain evidence only for a
17      limited purpose, you must do so and you may not consider that evidence for any other
18      purpose.

19  (4) Anything you may see or hear when the court was not in session is not evidence. You
20      are to decide the case solely on the evidence received at the trial.

21
22  Court Notes: 9th Cir. Model Instruction No. 1.10.

23
24
25
26
27
28

**JURY INSTRUCTION NO. 7**

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.


Court Notes: 9th Cir. Model Instruction No. 1.11.

1
2

# JURY INSTRUCTION NO. 8

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

3    Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as

4    testimony by a witness about what that witness personally saw or heard or did.  Circumstantial

5    evidence is proof of one or more facts from which you could find another fact.  You should

6    consider both kinds of evidence.  The law makes no distinction between the weight to be given to

7    either direct or circumstantial evidence.  It is for you to decide how much weight to give to any

8    evidence.

9    By way of example, if you wake up in the morning and see that the sidewalk is wet, you

10   may find from that fact that it rained during the night.  However, other evidence, such as a turned

11   on garden hose, may provide a different explanation for the presence of water on the sidewalk.

12   Therefore, before you decide that a fact has been proved by circumstantial evidence, you must

13   consider all the evidence in the light of reason, experience and common sense.

14

15   Court Notes: 9th Cir. Model Instruction No. 1.12.  The Court has added the illustrative

16   example from the Comment.

17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 9**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

Court Notes: 9th Cir. Model Instruction No. 1.13.

# JURY INSTRUCTION NO. 10

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much

13

1    weight you think their testimony deserves.

2

3          Court Notes: 9th Cir. Model Instruction No. 1.14.  The Court has modified the instruction.

United States District Court
Northern District of California

1
2

**JURY INSTRUCTION NO. 11**

**CONDUCT OF THE JURY**

3    I will now say a few words about your conduct as jurors.

4    First, keep an open mind throughout the trial, and do not decide what the verdict should be

5  until you and your fellow jurors have completed your deliberations at the end of the case.

6    Second, because you must decide this case based only on the evidence received in the case

7  and on my instructions as to the law that applies, you must not be exposed to any other

8  information about the case or to the issues it involves during the course of your jury duty.  Thus,

9  until the end of the case or unless I tell you otherwise:

10    Do not communicate with anyone in any way and do not let

11    anyone else communicate with you in any way about the merits of

12    the case or anything to do with it.  This includes discussing the case

13    in person, in writing, by phone or electronic means, via email, text

14    messaging, or any internet chat room, blog, website or application,

15    including but not limited to Facebook, YouTube, Twitter, Instagram,

16    LinkedIn, Snapchat, or any other forms of social media.  This

17    applies to communicating with your fellow jurors until I give you

18    the case for deliberation, and it applies to communicating with

19    everyone else including your family members, your employer, the

20    media or press, and the people involved in the trial, although you

21    may notify your family and your employer that you have been

22    seated as a juror in the case, and how long you expect the trial to

23    last.  But, if you are asked or approached in any way about your jury

24    service or anything about this case, you must respond that you have

25    been ordered not to discuss the matter and report the contact to the

26    court.

27

28    Because you will receive all the evidence and legal

15

United States District Court
Northern District of California

1  instruction you properly may consider to return a verdict: do not

2  read, watch or listen to any news or media accounts or commentary

3  about the case or anything to do with it[,although I have no

4  information that there will be news reports about this case]; do not

5  do any research, such as consulting dictionaries, searching the

6  Internet, or using other reference materials; and do not make any

7  investigation or in any other way try to learn about the case on your

8  own.  Do not visit or view any place discussed in this case, and do

9  not use Internet programs or other devices to search for or view any

10  place discussed during the trial.  Also, do not do any research about

11  this case, the law, or the people involved – including the parties, the

12  witnesses or the lawyers – until you have been excused as jurors.  If

13  you happen to read or hear anything touching on this case in the

14  media, turn away and report it to me as soon as possible.

15  These rules protect each party's right to have this case decided only on evidence that has

16  been presented here in court.  Witnesses here in court take an oath to tell the truth, and the

17  accuracy of their testimony is tested through the trial process.  If you do any research or

18  investigation outside the courtroom, or gain any information through improper communications,

19  then your verdict may be influenced by inaccurate, incomplete or misleading information that has

20  not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial

21  jury, and if you decide the case based on information not presented in court, you will have denied

22  the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very

23  important that you follow these rules.

24  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a

25  mistrial could result that would require the entire trial process to start over.  If any juror is exposed

26  to any outside information, please notify the court immediately.

27

28  Court Notes: 9th Cir. Model Instruction No. 1.15.

**JURY INSTRUCTION NO. 12**

**NO TRANSCRIPT AVAILABLE TO JURY**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

Court Notes: 9th Cir. Model Instruction No. 1.17.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 13**

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

Court Notes: 9th Cir. Model Instruction No. 1.18.

1

2

**JURY INSTRUCTION NO. 14**

**QUESTIONS TO WITNESSES BY JURORS DURING TRIAL**

3      Only the lawyers and I are allowed to ask questions of witnesses.  A juror is not permitted

4  to ask questions of witnesses.  ~~[Specific reasons for not allowing jurors to ask questions may be~~

5  ~~explained.]~~  If, however, you are unable to hear a witness or a lawyer, please raise your hand and I

6  will correct the situation.

7

8      Court Notes: 9th Cir. Model Instruction No. 1.19.  Ms. Tavres has requested that the

9  instruction be given.  B&N argues that jurors should be allowed to ask questions of witnesses.

10  Both parties concede that the Court has discretion on the matter.  In the exercise of its discretion,

11  the Court shall not permit juror questioning of witnesses.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 15**

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Court Notes: 9th Cir. Model Instruction No. 1.20.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 16**

**OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Court Notes: 9th Cir. Model Instruction No. 1.21.

United States District Court
Northern District of California

1

**INSTRUCTIONS DURING TRIAL**

2

3

**JURY INSTRUCTION NO. 17**

4

**STIPULATIONS OF FACT**

5   The parties have agreed to certain facts (listed below).  You must therefore treat these facts

6   as having been proved.

7   (1)   The plaintiff's date of birth is December 27, 1960.

8   (2)   The plaintiff was an employee of the defendant.

9   (3)   The defendant hired the plaintiff as a Community Relations Manager ("CRM") in

10   2006.

11   (4)   The plaintiff's employment with B&N ended in September 2019.

12   (5)   The plaintiff was employed as a Community Business Development Manager

13   ("CBDM") for the defendant from 2014 through the end of her employment.

14   (6)   The defendant's Northern California District in which Plaintiff worked was called

15   District 135 and, during the relevant time period, included locations in Fairfield,

16   CA (Store 2018), Emeryville, CA (Store 2072), El Cerrito, CA (Store 2113)

17   Antioch, CA (Store 2173) Corte Madera, CA (Store 2274), Santa Rosa, CA (2603),

18   Chico, CA (2815), Redding, CA (2871) and Dublin, CA (2942).

19   (7)   Between 2010 and the end of her employment, the plaintiff officed out of the

20   Emeryville, CA location.

21   (8)   Savannah Sauer was the only individual who was interviewed for the Marketing

22   Business Development Manager ("MBDM") position in District 135.

23   (9)   The MBDM position for District 135 was not externally promoted or advertised.

24   (10)   The MBDM position for District 135 was not posted on any internal job posting

25   system or otherwise.

26   (11)   Savannah Sauer's date of birth is June 10, 1993.

27   (12)   Savannah Sauer is currently employed by the defendant as the MBDM in District

28   135.

United States District Court
Northern District of California

United States District Court
Northern District of California

(13)   Philip Alexander was at all relevant times the plaintiff's District Manager and a managing agent of the defendant.

(14)   Tracy Vidakovich was at all relevant times employed by the defendant as Vice President of Business Development.

(15)   Yaser Soliman was at all relevant times the Regional Business Development Manager employed by the defendants.

(16)   The defendant's fiscal year ("FY") runs from May 1 to April 30 of the following year; e.g., FY 2020 runs from May 1, 2019 to April 30, 2020.

(17)   The plaintiff's actual sales as a CBDM were as follows for the following FYs:

- FY 2015: $590,202
- FY 2016: $577,571
- FY 2017: $537,543
- FY 2018: $771,051
- FY 2019: $564,505

(18)   Savannah Sauer's actual sales as a CBDM were as follows for the following FYs:

- FY 2017: $513,708
- FY 2018: $504,170
- FY 2019: $508,569

(19)   A CBDM's or MBDM's failure to meet sales goals for a fiscal year resulted in no commissions.  The plaintiff's sales goals as a CBDM were as follows for the following FYs:

- FY 2017: $624,463
- FY 2018: $649,936
- FY 2019: $816,970
- FY 2020: $607,339

(20)   Savannah Sauer's sales goals as a CBDM were as follows for the following FYs:

- FY 2017: $422,544
- FY 2018: $535,765

- FY 2019: $517,126

(21)   The plaintiff was put on an Improvement Plan in February 2019.

(22)   The plaintiff was put on a second Improvement Plan in July 2019.

(23)   The plaintiff's annual salary was $51,500/year as of September 9, 2019.

(24)   The commission structure of CBDMs at the time the plaintiff's employment ended in FY 2020 was as follows:

| Annual Total Sales | | Commission Rate |
|---|---|---|
| $1,750,000 | >= | 5% |
| $1,500,000 | >= | 4% |
| $1,250,000 | >= | 3% |
| $1,000,000 | >= | 2.5% |
| $750,000 | >= | 2% |
| $550,000 | >= | 1.5% |
| $400,000 | >= | 1% |
| $400,000 | < | 0% |

(25)   The commission structure of MBDMs at the time the plaintiff's employment ended as of FY 2020 was as follows:

| Annual Total Sales | | Commission Rate |
|---|---|---|
| $2,250,000 | >= | 3.5% |
| $2,000,000 | >= | 3% |
| $1,750,000 | >= | 2.5% |
| $1,500,000 | >= | 2% |
| $1,250,000 | >= | 1.5% |
| $1,000,000 | >= | 1.25% |

| $1,000,000 | < | 0% |

Court Notes: 9th Cir. Model Instruction No. 2.2.  The parties did not submit this instruction.  However, certain facts have been deemed undisputed by the parties in their joint pretrial conference statement.  Because including the undisputed facts will help the trial proceed efficiently, the Court has included most of them here.  The Court has omitted the stipulated facts regarding Mr. Romero based on its ruling on B&N's motion in limine.

**JURY INSTRUCTION NO. 18**

**EXPERT OPINION**

You [have heard] [are about to hear] testimony from [name] who [testified] [will testify] to opinions and the reasons for [his] [her] opinions.  This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Court Notes: 9th Cir. Model Instruction No. 2.13.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**FINAL JURY INSTRUCTIONS**

**(GIVEN AT THE END OF THE CASE)**

**JURY INSTRUCTION NO. 19**

**(COURT READS AND PROVIDES**

**WRITTEN INSTRUCTIONS AT END OF CASE)**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  Do not allow personal likes or dislikes, opinions, prejudices, sympathy, or bias, including unconscious biases, influence you.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.  You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.  Do not be afraid to examine any assumptions you or other jurors have made which are not based on the evidence presented at trial. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

Court Notes: 9th Cir. Model Instruction No. 1.4.  The Court has modified the instruction.

27

1

2

**JURY INSTRUCTION NO. 20**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

3      When a party has the burden of proving any claim or affirmative defense, it must do so by

4  a preponderance of the evidence, which means you must be persuaded by the evidence that the

5  claim or affirmative defense is more probably true than not true.

6      You should base your decision on all of the evidence, regardless of which party presented

7  it.

8

9      Court Notes: 9th Cir. Model Instruction No. 1.6.  The Court has modified the instruction.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## JURY INSTRUCTION NO. 21

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits that are admitted into evidence;

(3) any facts to which the lawyers have agreed; and

(4) any facts that I have instructed you to accept as proved.


Court Notes: 9th Cir. Model Instruction No. 1.9.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 22**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Court Notes: 9th Cir. Model Instruction No. 1.10.

1

2

**JURY INSTRUCTION NO. 23**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

3
4
5
6
7
8

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

9

10

Court Notes: 9th Cir. Model Instruction No. 1.12.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 24**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Your evaluation of witness testimony should not be influenced by any prejudice or bias, including unconscious bias.

United States District Court
Northern District of California

1

2          Court Notes: 9th Cir. Model Instruction No. 1.14.  The Court has modified the instruction.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1
2

**JURY INSTRUCTION NO. 25**

**STIPULATIONS OF FACT**

3

The parties have agreed to certain facts (listed below).  You must therefore treat these facts

4

as having been proved.

5

(1)    The plaintiff's date of birth is December 27, 1960.

6

(2)    The plaintiff was an employee of the defendant.

7

(3)    The defendant hired the plaintiff as a Community Relations Manager ("CRM") in

8

2006.

9

(4)    The plaintiff's employment with B&N ended in September 2019.

10

(5)    The plaintiff was employed as a Community Business Development Manager

11

("CBDM") for the defendant from 2014 through the end of her employment.

12

(6)    The defendant's Northern California District in which Plaintiff worked was called

13

District 135 and, during the relevant time period, included locations in Fairfield,

14

CA (Store 2018), Emeryville, CA (Store 2072), El Cerrito, CA (Store 2113)

15

Antioch, CA (Store 2173) Corte Madera, CA (Store 2274), Santa Rosa, CA (2603),

16

Chico, CA (2815), Redding, CA (2871) and Dublin, CA (2942).

17

(7)    Between 2010 and the end of her employment, the plaintiff officed out of the

18

Emeryville, CA location.

19

(8)    Savannah Sauer was the only individual who was interviewed for the Marketing

20

Business Development Manager ("MBDM") position in District 135.

21

(9)    The MBDM position for District 135 was not externally promoted or advertised.

22

(10)   The MBDM position for District 135 was not posted on any internal job posting

23

system or otherwise.

24

(11)   Savannah Sauer's date of birth is June 10, 1993.

25

(12)   Savannah Sauer is currently employed by the defendant as the MBDM in District

26

135.

27

(13)   Philip Alexander was at all relevant times the plaintiff's District Manager and a

28

managing agent of the defendant.

United States District Court
Northern District of California

United States District Court
Northern District of California

(14)     Tracy Vidakovich was at all relevant times employed by the defendant as Vice President of Business Development.

(15)     Yaser Soliman was at all relevant times the Regional Business Development Manager employed by the defendants.

(16)     The defendant's fiscal year ("FY") runs from May 1 to April 30 of the following year; e.g., FY 2020 runs from May 1, 2019 to April 30, 2020.

(17)     The plaintiff's actual sales as a CBDM were as follows for the following FYs:

- FY 2015: $590,202
- FY 2016: $577,571
- FY 2017: $537,543
- FY 2018: $771,051
- FY 2019: $564,505

(18)     Savannah Sauer's actual sales as a CBDM were as follows for the following FYs:

- FY 2017: $513,708
- FY 2018: $504,170
- FY 2019: $508,569

(19)     A CBDM's or MBDM's failure to meet sales goals for a fiscal year resulted in no commissions.  The plaintiff's sales goals as a CBDM were as follows for the following FYs:

- FY 2017: $624,463
- FY 2018: $649,936
- FY 2019: $816,970
- FY 2020: $607,339

(20)     Savannah Sauer's sales goals as a CBDM were as follows for the following FYs:

- FY 2017: $422,544
- FY 2018: $535,765
- FY 2019: $517,126

(21)     The plaintiff was put on an Improvement Plan in February 2019.

(22)  The plaintiff was put on a second Improvement Plan in July 2019.

(23)  The plaintiff's annual salary was $51,500/year as of September 9, 2019.

(24)  The commission structure of CBDMs at the time the plaintiff's employment ended in FY 2020 was as follows:

| Annual Total Sales | | Commission Rate |
|---|---|---|
| $1,750,000 | >= | 5% |
| $1,500,000 | >= | 4% |
| $1,250,000 | >= | 3% |
| $1,000,000 | >= | 2.5% |
| $750,000 | >= | 2% |
| $550,000 | >= | 1.5% |
| $400,000 | >= | 1% |
| $400,000 | < | 0% |

(25)  The commission structure of MBDMs at the time the plaintiff's employment ended as of FY 2020 was as follows:

| Annual Total Sales | | Commission Rate |
|---|---|---|
| $2,250,000 | >= | 3.5% |
| $2,000,000 | >= | 3% |
| $1,750,000 | >= | 2.5% |
| $1,500,000 | >= | 2% |
| $1,250,000 | >= | 1.5% |
| $1,000,000 | >= | 1.25% |
| $1,000,000 | < | 0% |

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

Court Notes: 9th Cir. Model Instruction No. 2.2.  The parties did not submit this instruction.  However, certain facts have been deemed undisputed by the parties in their joint pretrial conference statement.  Because including the undisputed facts will help the trial proceed efficiently, the Court has included most of them here.  The Court has omitted the stipulated facts regarding Mr. Romero based on its ruling on B&N's motion in limine.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 26**

**EXPERT OPINION**

You have heard testimony from expert witnesses who testified to opinions and the reasons for his or her opinions.  This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Court Notes: 9th Cir. Model Instruction No. 2.13.

**JURY INSTRUCTION NO. 27**

**PLAINTIFF'S CLAIMS**

The plaintiff has asserted the following claims:

(1) Disparate treatment based on age, in violation of the Fair Employment and Housing
Act ("FEHA").  The plaintiff contends that the defendant (a) failed to promote her
because of her age and (b) discharged, or constructively discharged, her because of her
age.

(2) Failure to promote in violation of public policy.  The defendant allegedly violated
public policy by engaging in age discrimination.

(3) Wrongful termination or constructive discharge in violation of public policy.  The
defendant allegedly violated public policy by engaging in age discrimination.


Court Notes: The Court has included this instruction as a "road map" for the jury.

United States District Court
Northern District of California

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 28**

**DISPARATE TREATMENT – ESSENTIAL FACTUAL ELEMENTS**

The plaintiff claims that the defendant wrongfully discriminated against her because of her age.  To establish this claim, the plaintiff must prove all of the following:

1.  That the defendant was an employer;

2.  That the plaintiff was an employee of the defendant;

3.  That the defendant subjected the plaintiff to an adverse employment action (*i.e.*, failed to promote her, discharged her, and/or constructively discharged her);

4.  That the plaintiff was age 40 or older at the time of the adverse employment action;

5.  That the plaintiff's age was a substantial motivating reason for the defendant's decision to engage in the adverse employment action;

6.  That the plaintiff was harmed; and

7.  That the defendant's conduct was a substantial factor in causing the plaintiff's harm.

The parties have stipulated to (1), (2), and (4).

Court Notes:  CACI 2570.  The parties do not agree on this instruction.  *See* Prop. Instructions at 15-17.  The Court has provided its own version of the instruction, which largely hews to CACI 2570.  The instruction covers all adverse employment actions at issue – *i.e.*, failure to promote, termination, and/or constructive discharge – instead of separating out the failure to promote from the termination/constructive discharge.  The instruction also identifies the elements to which the parties have stipulated.

Ms. Tavres argues that age discrimination was not the only reason for the adverse employment action – *i.e.*, she was also subjected to an adverse employment action because B&N was retaliating against her for having complained of harassment by Mr. Romero and for having participated in the internal investigation of Mr. Romero.  The Court, however, has excluded all evidence related to Mr. Romero.  Although Ms. Tavres has suggested combining her public policy claims with her FEHA claim, this may be confusing for the jury.

1

2

3

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 29**

**DISPARATE TREATMENT – "ADVERSE EMPLOYMENT ACTION"**

**EXPLAINED**

Adverse employment actions are not limited to ultimate actions such as termination or demotion.  There is an adverse employment action if the defendant has taken an action or engaged in a course or pattern of conduct that, taken as a whole, materially and adversely affected the terms, conditions, or privileges of the plaintiff's employment.  An adverse employment action includes conduct that is reasonably likely to impair a reasonable employee's job performance or prospects for advancement or promotion.  However, minor or trivial actions or conduct that is not reasonably likely to do more than anger or upset an employee cannot constitute an adverse employment action.  The failure to promote, a termination, and/or a constructive discharge are adverse employment actions.

Court Notes: CACI 2509.  The parties have stipulated to a modified version of CACI 2509. *See* Prop. Instructions at 28.  The Court has added clarifying language.

41

**JURY INSTRUCTION NO. 30**

**DISPARATE TREATMENT – "CONSTRUCTIVE DISCHARGE" EXPLAINED**

The plaintiff claims that the defendant either discharged her or constructively discharged her.  To establish constructive discharge, the plaintiff must prove the following:

1.     That the defendant, through its officers, directors, managing agents, or supervisory employees, intentionally created or knowingly permitted working conditions to exist that were so intolerable that a reasonable person in the plaintiff's position would have had no reasonable alternative except to resign; and

2.     That the plaintiff resigned because of these working conditions.

In order to be sufficiently intolerable, adverse working conditions must be unusually aggravated or amount to a continuous pattern.  In general, single, trivial, or isolated acts of misconduct are insufficient to support a constructive discharge claim.  But in some circumstances, a single intolerable incident may constitute a constructive discharge.


Court Notes: CACI 2510.  The parties do not agree on this instruction, with B&N proposing the use of the 9th Cir. Model Instruction and Ms. Tavres proposing the use of the CACI instruction .  *See* Prop. Instructions at 30-31.  The Court has largely adopted CACI 2510 since the only claims remaining are state claims.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 31**

**DISPARATE TREATMENT –**

**"SUBSTANTIAL MOTIVATING REASON" EXPLAINED**

A "substantial motivating reason" is a reason that actually contributed to the adverse employment action.  It must be more than a remote or trivial reason.  It does not have to be the only reason motivating the adverse employment action.

Court Notes: CACI 2507.  The parties have stipulated to this instruction.

**JURY INSTRUCTION NO. 32**

**DISPARATE TREATMENT – BUSINESS JUDGMENT**

In California, employment is presumed to be "at will." That means that an employer may take an adverse employment action against an employee for no reason, or for a good, bad, mistaken, unwise, or even unfair reason, as long as its action is not for a discriminatory/~~retaliatory~~ reason.

Court Notes: CACI 2513. The parties do not agree on this instruction. *See* Prop. Instructions at 22-23. The Court agrees with B&N that it is not proper to refer to a "retaliatory" reason because she has not brought a FEHA retaliation claim.

**JURY INSTRUCTION NO. 33**

**FAILURE TO PROMOTE IN VIOLATION OF PUBLIC POLICY**

The plaintiff claims that the defendant failed to promote her for reasons that violate public policy.  It is a violation of public policy to discriminate against a person because he or she is age 40 or older.  To establish this claim, the plaintiff must prove all of the following:

1.    That the plaintiff was employed by the defendant;

2.    That the defendant failed to promote the plaintiff;

3.    That the violation of public policy was a substantial motiving reason for the failure to promote the plaintiff;

4.    That the plaintiff was harmed; and

5.    That the failure to promote was a substantial factor in causing the plaintiff's harm.

The parties have stipulated to (1).


Court Notes: CACI 2430.  The parties do not agree on this instruction.  *See* Prop. Instructions at 20-21.  The Court has provided its own instruction, largely modeled on CACI 2430 (adapting the wrongful discharge instruction to an instruction on failure to promote).  Because of its ruling regarding evidence related to Mr. Romero, reference to retaliation has been removed.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 34
## WRONGFUL DISCHARGE OR CONSTRUCTIVE DISCHARGE
## IN VIOLATION OF PUBLIC POLICY

The plaintiff claims she was discharged from employment, or constructively discharged, for reasons that violate a public policy.  Because these are alternative theories, the Court is providing separate instructions for the wrongful discharge theory and the constructive discharge theory, even though the same public policy is at issue.

Court Notes: The Court has independently provided this instruction to provide clarity for the jury.

**JURY INSTRUCTION NO. 35**

**WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY –**

**ESSENTIAL ELEMENTS**

The plaintiff claims she was discharged from employment for reasons that violate a public policy.  It is a violation of public policy to discriminate against a person because he or she is age 40 or older.  To establish this claim, the plaintiffs must prove all of the following:

1.   That the plaintiff was employed by the defendant;

2.   That the defendant discharged the plaintiff;

3.   That the violation of public policy was a substantial motivating reason for the plaintiff's discharge;

4.   That the plaintiff was harmed; and

5.   That the discharge was a substantial factor in causing the plaintiff's harm.

The parties have stipulated to (1) and (2).

Court Notes: CACI 2430.  The Court has modified the instruction.

**JURY INSTRUCTION NO. 36**

**CONSTRUCTIVE DISCHARGE IN VIOLATION OF PUBLIC POLICY –**

**PLAINTIFF REQUIRED TO ENDURE INTOLERABLE CONDITIONS**

**THAT VIOLATE PUBLIC POLICY**

The plaintiff claims that the defendant forced her to resign for reasons that violate public policy.  It is a violation of public policy to discriminate against a person because he or she is age 40 or over.  To establish this claim, the plaintiff must prove all of the following:

1.    That the plaintiff was employed by the defendant;

2.    That the plaintiff was subjected to working conditions that violated public policy;

3.    That the defendant intentionally created or knowingly permitted these working conditions;

4.    That these working conditions were so intolerable that a reasonable person in the plaintiff's position would have had no reasonable alternative except to resign;

5.    That the plaintiff resigned because of these working conditions;

6.    That the plaintiff was harmed; and

7.    That the working conditions were a substantial factor in causing the plaintiff's harm.

To be intolerable, adverse working conditions must be unusually aggravated or amount to a continuous pattern. In general, single, trivial, or isolated acts of misconduct are insufficient to support a constructive discharge claim. But in some circumstances, a single intolerable incident may constitute a constructive discharge.

The parties have stipulated to (1).

Court Notes: CACI 2432; CACI 2510.  The parties do not agree on this instruction.  *See* Prop. Instructions at 19-20.  The Court has provided its own instruction, largely modeled on CACI 2432.  It has, however, modified the last paragraph of CACI 2432 to be consistent with CACI 2510 (defining "constructive discharge" for FEHA purposes).

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 37**

**DAMAGES**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you decide that the plaintiff has proved her claim against the defendant, you also must decide how much money will reasonably compensate the plaintiff for the harm.  This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by the defendant's wrongful conduct, even if the particular harm could not have been anticipated.

The plaintiff does not have to prove the exact amount of damages that will provide reasonable compensation for the harm.  However, you must not speculate or guess in awarding damages.

Court Notes: CACI 3900; 9th Cir. Model Instruction No. 5.1.  The parties did not provide a general damages instruction.  The Court has included one, as otherwise the jury could easily be confused.  The Court largely uses CACI 3900; the first paragraph, however, comes from 9th Cir. Model Instruction No. 5.1.

**JURY INSTRUCTION NO. 38**

**ECONOMIC AND NONECONOMIC DAMAGES**

The damages claimed by the plaintiff for the harm caused by the defendant fall into two categories called economic damages and noneconomic damages.  You will be asked on the verdict form to state the two categories of damages separately.

Court Notes: CACI 3902.  The parties did not submit this instruction.  However, the Court has included it to provide clarity to the jury.

**JURY INSTRUCTION NO. 39**

**ITEMS OF ECONOMIC DAMAGE**

The following are the specific items of economic damages claimed by the plaintiff:

- Past and future lost earnings.

To recover damages for past lost earnings, the plaintiff must prove the amount of income/earnings/salary/wages that she has lost to date.

To recover damages for future lost earnings, the plaintiff must prove the amount of income/earnings/salary/wages that she would have earned for the length of time the employment with the defendant was reasonably certain to continue.

In determining the period that the plaintiff's employment was reasonably certain to have continued, you should consider such things as:

(a)     The plaintiff's age, work performance, and intent regarding continuing employment with the defendant;

(b)     The defendant's prospects for continuing the operations involving the plaintiff; and

(c)     Any other factor that bears on how long the plaintiff would have continued to work.


Court Notes: CACI 3903, 3903C, 3903P.  The parties have not submitted any instruction on economic damages.  However, such an instruction would be helpful to the jury.  The Court's instruction takes elements from the three CACI instructions cited above.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 40**

**PRESENT CASH VALUE**

The defendant claims that the plaintiff's future economic damages, if any, should be reduced to present cash value. This is because money received now will, through investment, grow to a larger amount in the future. Present cash value is the amount of money that, if reasonably invested today, will provide the plaintiff with the amount of her future damages.

The defendant must prove, through expert testimony, the present cash value of the plaintiff's future economic damages. It is up to you to decide the present cash value of the plaintiff's future economic damages in light of all the evidence presented by the parties.

Court Notes: CACI 3904A. The parties have not submitted any instruction on economic damages. However, such an instruction would be helpful to the jury.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 41**

**ITEMS OF NONECONOMIC DAMAGE**

The following are the specific items of noneconomic damages claimed by the plaintiff:

- Past and future mental suffering/loss of enjoyment of life/emotional distress.

No fixed standard exists for deciding the amount of these noneconomic damages.  You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

To recover for future mental suffering/loss of enjoyment of life/emotional distress, the plaintiff must prove that she is reasonably certain to suffer that harm.

For future mental suffering/loss of enjoyment of life/emotional distress, determine the amount in current dollars paid at the time of judgment that will compensate the plaintiff for future mental suffering/loss of enjoyment of life/emotional distress.  This amount of noneconomic damages should not be further reduced to present cash value because that reduction should only be performed with respect to economic damages.


Court Notes: CACI 3905, 3905A.  The parties have not submitted any instruction on economic damages.  However, such an instruction would be helpful to the jury.

## JURY INSTRUCTION NO. 42

## DAMAGES – AFFIRMATIVE DEFENSE –

## EMPLOYEE'S DUTY TO MITIGATE DAMAGES

The defendant claims that if the plaintiff is entitled to any economic damages, they should be reduced by the amount that the plaintiff could have earned from other employment.  To succeed, the defendant must prove all of the following:

1.    That employment substantially similar to the plaintiff's former job was available to her;

2.    That the plaintiff failed to make reasonable efforts to seek this employment; and

3.    The amount that the plaintiff could have earned from this employment.

In deciding whether the employment was substantially similar, you should consider, among other factors, whether:

(a)    The nature of the work was different from the plaintiff's employment with the defendant;

(b)    The new position was substantially inferior to the plaintiff's former position;

(c)    The salary, benefits, and hours of the job were similar to the plaintiff's former job;

(d)    The new position required similar skills, background, and experience;

(e)    The job responsibilities were similar; and

(f)    The job was in the same locality.


Court Notes: CACI 3963.  B&N has proposed using 9th Cir. Model Instructions on mitigation (*e.g.*, 5.3 (Damages – Mitigation) and 11.13 (Age Discrimination – Damages – Back Pay – Mitigation)); Ms. Tavres has proposed using the CACI instruction instead.  The Court shall use CACI 3963 since only California claims are at issue.

# JURY INSTRUCTION NO. 43

## PUNITIVE DAMAGES

If you decide that the defendant's conduct caused the plaintiff harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages against the defendant only if the plaintiff proves that the defendant engaged in that conduct with malice, oppression, or fraud. To do this, the plaintiff must prove one of the following by clear and convincing evidence. Clear and convincing evidence is a higher burden of proof and means that the party must persuade you that it is highly probable that the fact is true.

1.   That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of the defendant, who acted on behalf of the defendant;

2.   That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of the defendant; or

3.   That one or more officers, directors, or managing agents of the defendant knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that the defendant acted with intent to cause injury or that the defendant's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when the person is aware of the probable dangerous consequences of the person's conduct and deliberately fails to avoid those consequences.

"Oppression" means that the defendant's conduct was despicable and subjected the plaintiff to cruel and unjust hardship in knowing disregard of her rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

55

"Fraud" means that the defendant intentionally misrepresented or concealed a material fact and did so intending to harm the plaintiff.

An employee is a "managing agent" if the employee exercises substantial independent authority and judgment in corporate decisionmaking such that the employee's decisions ultimately determine corporate policy.

Court Notes: CACI 3945.  B&N has asked the Court to give CACI 3924, *see* Prop. Instructions at 25-26, which provides, in relevant part, that "[y]ou must not include in your award any damages to punish or make an example of [the defendant]."  CAC 3924.  The Court rejects use of CACI 3294 because B&N has not established that Ms. Tavres is not entitled to punitive damages as a matter of law.  The Court shall give CACI 3945 instead, with some modifications (*i.e.*, defining the clear and convincing burden of proof as provided in CACI 201).

Assuming that the jury finds that Ms. Tavres has made the requisite showing for punitive damages, then the Court shall give the following instruction after evidence of B&N's financial condition is presented to the jury:

"There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages.  If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

(a)    How reprehensible was [name of defendant]'s conduct? In deciding how reprehensible [name of defendant]'s conduct was, you may consider, among other factors:

      1.    Whether the conduct caused physical harm;

      2.    Whether the defendant disregarded the health or safety of others;

      3.    Whether the plaintiff was financially weak or vulnerable and the defendant knew the plaintiff was financially weak or vulnerable and took advantage of her;

      4.    Whether the defendant's conduct involved a pattern or practice; and

      5.    Whether the defendant acted with trickery or deceit.

56

(b)     Is there a reasonable relationship between the amount of punitive damages and the plaintiff's harm, or between the amount of punitive damages and potential harm to the plaintiff that the defendant knew was likely to occur because of its conduct?

(c)     In view of the defendant's financial condition, what amount is necessary to punish it and discourage future wrongful conduct?  You may not increase the punitive award above an amount that is otherwise appropriate merely because the defendant has substantial financial resources.  Any award you impose may not exceed the defendant's ability to pay.

Punitive damages may not be used to punish the defendant for the impact of its alleged misconduct on persons other than the plaintiff."

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 44**

**ARGUMENTS OF COUNSEL NOT EVIDENCE IN DAMAGES**

The arguments of the attorneys are not evidence of damages.  Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

Court Notes: CACI 3925.  The parties have stipulated to this instruction.

**JURY INSTRUCTION NO. 45**

**JURORS NOT TO CONSIDER ATTORNEY FEES AND COURT COSTS**

You must not consider, or include as part of any award, attorney fees or expenses that the parties incurred in bringing or defending this lawsuit.

Court Notes: CACI 2964.  The parties have stipulated to this instruction.

# JURY INSTRUCTION NO. 46

## DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases, to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

Do not be afraid to examine any assumptions you or other jurors have made which are not based on the evidence presented at trial. Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be – that is entirely up to you.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

1          Court Notes: See 9th Cir. Model Instruction No. 3.1.  The Court has modified the

2    instruction.

United States District Court
Northern District of California

JURY INSTRUCTION NO. 47

CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about

1    this case, the law, or the people involved – including the parties, the

2    witnesses or the lawyers – until you have been excused as jurors.  If

3    you happen to read or hear anything touching on this case in the

4    media, turn away and report it to me as soon as possible.

5    These rules protect each party's right to have this case decided only on evidence that has

6    been presented here in court.  Witnesses here in court take an oath to tell the truth, and the

7    accuracy of their testimony is tested through the trial process.  If you do any research or

8    investigation outside the courtroom, or gain any information through improper communications,

9    then your verdict may be influenced by inaccurate, incomplete or misleading information that has

10   not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial

11   jury, and if you decide the case based on information not presented in court, you will have denied

12   the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very

13   important that you follow these rules.

14   A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a

15   mistrial could result that would require the entire trial process to start over].  If any juror is

16   exposed to any outside information, please notify the court immediately.

18   Court Notes: See 9th Cir. Model Instruction No. 3.2.

**JURY INSTRUCTION NO. 48**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

Court Notes: See 9th Cir. Model Instruction No. 3.3.

**JURY INSTRUCTION NO. 49**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  [Explain verdict form as needed.]  After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the Courtroom Deputy that you are ready to return to the courtroom.

Court Notes: See 9th Cir. Model Instruction No. 3.5.

United States District Court
Northern District of California