UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA TAVRES,<br><br>  Plaintiff,<br><br>v.<br><br>BARNES & NOBLE, INC.,<br><br>  Defendant. | Case No. 19-cv-07655-EMC<br><br>**ORDER RE EXHIBITS**<br><br>Docket No. 94 |

The Court provides the following rulings on the objections to exhibits.

## I.   PLAINTIFF'S EXHIBITS

- Exhibit 1. Stipulated.
- Exhibit 2. Stipulated.
- Exhibit 3. Stipulated.
- Exhibit 4. Stipulated.
- Exhibit 5. Stipulated.
- Exhibit 6. Objection overruled. Business records exception applies. Also email from Ms. Sauer admissible as a statement of party-opponent; email from Ms. Tavres needed for context and completeness.
- Exhibit 7. Ms. Tavres will need to lay foundation to authenticate document. Rule 403 objection is overruled.
- Exhibit 8. Objection overruled. See analysis for Exhibit 6 above.
- Exhibit 9. Objection overruled. See analysis for Exhibit 6 above.
- Exhibit 10. Objection overruled. See analysis for Exhibit 6 above.

- Exhibit 11. Objection overruled. See analysis for Exhibit 6 above.
- Exhibit 12. Objection overruled. Business records exception applies.
- Exhibit 13. Ms. Tavres will need to lay foundation to authenticate document. If authenticated, Ms. Tavres may not offer text exchange for truth of matter asserted, but may be admitted to show state of mind and emotional distress. Jury may be so instructed upon request.
- Exhibit 14. Ms. Tavres will need to lay foundation to authenticate document. Rule 403 objection is overruled.
- Exhibit 15. Stipulated.
- Exhibit 16. See analysis for Exhibit 14 above.
- Exhibit 17. Ms. Tavres will need to lay foundation to authenticate document. Business records exception applies. Emails also admissible as a statement of party-opponent.
- Exhibit 18. Ms. Tavres will need to lay foundation to authenticate document. Business records exception applies. Document also admissible as a statement of a party-opponent.
- Exhibit 19. Stipulated.
- Exhibit 20. Same analysis for Exhibit 18 above. Rule 403 objection is overruled.
- Exhibit 21. Same analysis for Exhibit 18 above. Rule 403 objection is overruled.
- Exhibit 22. Stipulated.
- Exhibit 23. Ms. Tavres will need to lay foundation to authenticate document. Business records exception applies. Emails from employees also admissible as a statement of party-opponent; emails from Ms. Tavres needed for context and completeness.
- Exhibit 24. Stipulated.
- Exhibit 25. Ms. Tavres will need to lay foundation to authenticate document. Rule 403 objection overruled. Regarding hearsay, if the document is offered to impeach, then it will not be offered for the truth of the matter asserted.

- Exhibit 26.  Stipulated.
- Exhibit 27.  Ms. Tavres will need to lay foundation to authenticate document. Business records exception applies.  Email from employee is a statement of party-opponent; email from the customer needed for context and completeness.
- Exhibit 28.  Business records exception applies.  Emails from employees is a statement of party-opponent; email from Ms. Tavres needed for context and completeness.
- Exhibit 29.  Stipulated.
- Exhibit 30.  Stipulated.
- Exhibit 31.  Stipulated.
- Exhibit 32.  Objection overruled.  Busines records exception applies.  Emails from employees are a statement of a party-opponent.
- Exhibit 33.  Objections are sustained.  Although statement by Phil Alexander may be a statement of party-opponent, there are two other layers of hearsay (what the coworker told Ms. Tavres and Ms. Tavres memorializing the statement).  Moreover, excludable under Rule 403 as probative value is weak compared to the potential misleading and confusing nature.  Finally, document was not timely produced during discovery by Ms. Tavres and is thus barred for this reason as well.
- Exhibit 34.  Stipulated.
- Exhibit 35.  Stipulated.
- Exhibit 36.  Stipulated.

## II.     DEFENDANT'S EXHIBITS

- Exhibit 101.  Stipulated.
- Exhibit 102.  Rule 403 objection is overruled.
- Exhibit 103.  Objection overruled.  Business records exception applies.
- Exhibit 104.  Objection overruled.  Business records exception applies and admissible to show statement made to Ms. Tavres.
- Exhibit 105.  Rule 403 objection is overruled.

3

- Exhibit 106. B&N will need to lay foundation to authenticate document. Rule 403 objection is overruled.
- Exhibit 107. Objection overruled. Relevance and Rule 403 objections are overruled. Business records exception applies. Email from Ms. Tavres is a statement of party-opponent.
- Exhibit 108. Stipulated.
- Exhibit 109. Objection overruled. Same analysis for Exhibit 107 above.
- Exhibit 110. Objection overruled. Same analysis for Exhibit 103 above.
- Exhibit 112. B&N will need to lay foundation to authenticate document. Rule 403 objection is overruled. The business record exception may apply if proper foundation is laid. Further, if Ms. Tavres authored document, then it is admissible as a statement of party-opponent. Any issue regarding completeness may be cured.
- Exhibit 113. B&N will need to lay foundation to authenticate document. Ms. Tavres's remaining objections are related to contention that document was created for litigation purposes. It is thus not a business record. Rule 1006 (summaries to prove content) will govern on admissibility; to be admitted under Rule 1006, B&N will need to satisfy requisites, including provision of all underlying documents to Ms. Tavres.
- Exhibit 114. Stipulated.
- Exhibit 115. Stipulated.
- Exhibit 116. Same analysis for Exhibit 113 above.

**IT IS SO ORDERED**.

Dated: August 11, 2021

_____
EDWARD M. CHEN
United States District Judge